MUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**IZZO GOLF, INC. f/k/a DANCORP INVESTORS, INC.,**

    Plaintiff,

v.

    Case No. 20-12618

    HON. DENISE PAGE HOOD

**DARICE WEBER,**

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DIMISS (#6)**

**I.**    **BACKGROUND**

On September 23, 2020, Plaintiff Izzo Golf, Inc. ("Izzo") filed a Complaint against Defendant Darice Weber ("Weber"), to void the transfers of properties from William J. Baird ("Baird") to Weber. An Amended Complaint was filed on October 23, 2020. (ECF Nos. 1, 4). On December 02, 2020, Weber filed a Motion to Dismiss. (ECF No. 6). Izzo filed a Response on December 31, 2021. (ECF No. 8). A hearing was held on the matter.

The facts as alleged by Izzo are as follows. In 2002, Izzo sued King Par Golf Inc. ("King Par") in the U.S. District Court for the Western District of New York for patent infringement. (ECF No.4, PageID.94f). Izzo believed Baird was the president and owner of King Par that neglected corporate formalities and used corporate assets

1

for personal purposes, such that King Par was his alter ego. (*Id.*) In July 2010, Izzo obtained a judgment on a jury verdict against King Par. (*Id.*) Ultimately, the U.S. District Court for the Western District of New York granted Izzo's motions for pre-judgment interest, enhanced damages, and attorneys' fees, with the total judgment against King Par is $12,052,367.08. (*Id.*, PageID.95).

In September 2010, Izzo commenced a related action against Baird in the U.S. District Court for the Western District of New York, seeking to pierce the corporate veil and hold Baird personally liable for the judgment against King Par. (*Id.*) In June 2018, the U.S. District Court for the Western District of New York granted Izzo partial summary judgment on the issue of liability. (*Id.*) The court held Baird personally liable for the full amount of damages against King Par, including interest, enhanced damages, and attorney fees, with the total amount of damages remaining to be determined. (*Id.*) The following year on August 13, 2019, the U.S. District Court for the Western District of New York issued a Decision and Order granting Izzo judgment against Baird in the amount of $8,880,679.28. (*Id.*)

Pursuant to Federal Rule of Civil Procedure 69(a) and the related New York statute found in the Consolidated Laws, Civil Practice Law and Rules § 5222, Izzo served a restraining notice on Baird. (*Id.*, PageID.96). The notice prohibited Baird from transferring or assigning any of his assets before Izzo's judgment against him is satisfied. (*Id.*) In 2012, Baird divorced his partner and transferred coins (valued at

over $150,000) to Braun Kendrick Finkbeiner P.L.C., the firm representing Baird in that action. (*Id*., PageID.96-.97).

At some point, Baird sued Braun Kendrick Finkbeiner P.L.C. in the State of Michigan Circuit Court for the County of Genesee alleging malpractice in the handling of his divorce ("the Malpractice Action"). (*Id*., PageID.97). In this Malpractice Action, Baird was represented by Gregory Janks and allegedly paid him over $220,000 for his services. (*Id*.) Before the conclusion of the Malpractice Action, Weber began representing Baird. On January 15, 2020, the State of Michigan Circuit Court for the County of Genesee issued an Opinion and Order awarding Baird $125,297.95 in the Malpractice Action. (*Id*.)

Izzo alleges Baird made no payments to it between January and June 2019, despite paying Weber multiple times in various amounts during the same period for her representation in the Malpractice Action. (*Id*., PageID.98). Again, at some unknown point, Baird purportedly transferred ownership of the coins held by Braun Kendrick Finkbeiner P.L.C to Weber. (*Id*., PageID.100)  In the present action, Izzo argues that Baird's transfer of coins and funds to Weber are voidable.

3

## II. ANALYSIS

### A. Standard of Review

#### 1. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (*quoting Gregory v. Shelby Cnty.*, 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level… ."

4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Plaintiff's Voidable Transfer Claims (Counts I and II)

Defendant asks the court to dismiss the Plaintiff's complaint for a failure to state a claim. According to Weber, Izzo has failed to allege enough facts to meet the burden under Michigan's Uniform Voidable Transactions Act ("UVTA") to demonstrate she did not provide Bair reasonably equivalent value for her work in the Malpractice Action (Bair overpaid Weber).

The Uniform Voidable Transactions Act ("UVTA") permits a creditor to void a fraudulent asset transfer from a debtor. Mich. Comp. Laws § 566.37(1)(a). The Act defines a debtor as "a person that is liable on a claim." *Id*. § 566.31(f). It defines a covered asset as "property of a debtor." *Id*. § 566.31(b). And it defines a covered transfer to mean "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset." *Id*. A transfer of assets can be fraudulent when evidence shows the transferor intended to commit fraud or the economic realities of the transaction confirm that fraud was

5

afoot. *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 2021 WL 486880, at *2 (6th Cir. 2021).

The Court finds that Izzo's voidable transfers claims fails. The alleged violations of Michigan law (and the non-dispositive Hawaii law) alluded to by Izzo are bare, lack factual support, and can be classified as labels and conclusions. Izzo has described in detail the history of trying to track down Baird to receive judgment from the decision of U.S. District Court for the Western District of New York but has not identified any facts that could lead the Court to agree with its assertions that the legal services provided by Weber to Baird were not reasonably equivalent to the legal representation provided.

In its complaint, Izzo claims that Weber is liable under Michigan's UVTA. Under the UVTA, if certain conditions are met, a current or future creditor may void a debtor's transfer of its assets. Mich. Comp. Laws §§ 566.34, 566.35. Izzo alleges in both Counts that "Baird's Transfers of Funds to Weber were voidable transfers under Michigan law and/or under Hawaii law, including MCL 566.31 et seq. and HRS 651C-1 et seq."

But Izzo's complaint does not specify which of the Act's relief provisions applies. So, Weber assumed that Izzo had sought relief under MCL 566.34(1)(b) and 566.35(1) because Michigan's UVTA provides a choice of law provision and Hawaii

6

does not. Creditors making claims for relief under either provision have the burden of proving the elements. *See* MCL 566.34(4) and 566.35(3).

The Court concludes that Izzo has failed to state a legitimate claim under the Michigan UVTA because the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Darice Weber's Motion to Dismiss (ECF No. 6) is **GRANTED** in its entirety. The Complaint against Weber is DISMISSED with prejudice.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 30, 2024